**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DONALD M. GINDY, SB# 45228
E-Mail: Donald.Gindy@lewisbrisbois.com
DANIEL R. LEWIS, SB# 260106
E-Mail: Daniel.Lewis@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for HITEK SOFTWARE LLC,
a California Limited Liability Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hitek Software LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**3. VICARIOUS COPYRIGHT INFRINGEMENT;**<br>**4. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT; § 1201;**<br>**5. REQUEST FOR INJUNCTIVE RELIEF**<br><br>**Jurv Trial Demanded** |

Plaintiff, Hitek Software, LLC, a California limited liability company, hereby brings the within action against DOES 1-10, for copyright infringement, contributory and vicarious copyright infringement and violation of the Digital Millennium Copyright Act, Section 1201, in connection with the unauthorized copying and usage of plaintiff's copyrighted software entitled Automize Enterprise. This action is based upon a federal question.

**A. JURISDICTION AND VENUE.**

1. This action arises under the Copyright Act of the United States, 17 U.S.C. §§101 & 501, et. seq. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)&(c).

3. Venue is further proper in that defendants affirmed an End User License Agreement (or EULA) upon use of plaintiff's Trial Version of a software program. Said license contains a Forum Selection Clause providing in essence that in the event of a dispute involving any terms or conditions of this license, the matter shall be heard in the County of Los Angeles, State of California.

**B. THE PARTIES.**

4. Hitek Software LLC, is a limited liability company, organized and doing business under the laws of the State of California. Its principal headquarters is located in Santa Barbara, CA 93117.

5. Plaintiff is informed and believes and thereon alleges Defendant DOES 1-10, are a business.

**C. SUMMARY OF THE ACTION.**

6. This action seeks damages and injunctive relief based upon the defendant's unauthorized access to, copying and usage of plaintiff's copyrighted software entitled "Automize Enterprise, Version 8.21.

7. Hitek has registered the program Automize Enterprise with the Register

of Copyrights and has been given registration number TX0007253216. A copy of the registration is attached hereto and incorporated by reference as Exhibit "A."

8. Hitek licenses the copyrighted program on the World Wide Web of the Internet. The plaintiff is an adherent of the Shareware philosophy of offering the program for a limited time to potential purchasers. In this instance, it is offered for 30 days. A party is permitted to try out the program and see if it is suitable for their needs. They may use the program after they affirm an End User License Agreement (EULA). If the software meets their expectations, they may purchase it at any time, including while using the trial version or thereafter. Upon receipt of payment, plaintiff will issue to them a confidential 20 digit alphanumeric code permitting them to open the program and apply it to their business needs. No code is issued to a trial user. A copy of the EULA for Version 8.0 is attached hereto and incorporated by reference as Exhibit "B."

9. Unfortunately, despite the plaintiff's best efforts, it has not been able to stem the tide of unscrupulous people who have gained unauthorized access to the program and have used the software to satisfy their own interests. These intruders have used so-called "cracking sites," which exist in great abundance on the Internet, to enable their penetration of the program. These sites supply the decryption of registration keys to developer's software and facilitate fraudulent registration codes (or keys) to be used in order to gain access to the programs. In self-defense, the plaintiff has adopted a tracking system which is able to identify the date and time of

the intruder, the external and internal IP of the offending computer, the identity of the user of that computer and other data which is integral to proof of unauthorized access and copying.

10. The tracking system the plaintiff adopted disclosed that a computer owned and operated by defendants had used a fraudulent registration code (or "key") to gain unauthorized access to, copying of and use of plaintiff's program.

11. Plaintiff is not yet aware of the name of DOES 1-10 who are believed to be the parties who downloaded Plaintiff's program. Upon information and belief, DOE 1 -10 introduced a false code into the trial version of the software and unlocked the program to unlimited use without the knowledge or consent of Hitek Software. The true names or capacities of defendants DOES 1-10, inclusive, are unknown to plaintiff, who therefore alleges that each of the defendants designated herein as DOES are legally responsible in some manner for the events and happenings herein referred to, and is legally responsible for the injuries and damages to plaintiff as herein alleged.

12. Plaintiff alleges that at all times the injury and damage which is complained of occurred within this judicial district.

13. Plaintiff is informed and believes and thereon alleges that at all times mentioned, each of the defendants was the agent and employee of the remaining defendants and was at all times acting within the purpose, course and scope of said agency and employment and each of the defendants has ratified and approved the

acts of the remaining defendants.

14. The program "Automize Enterprise" allows the user to schedule and automatically execute tasks. One instance of task completion is equivalent to an operator manually logging on to the server and performing an operation. Its intrinsic value lies in its automation feature that saves costs and considerable man-hours that would otherwise detract from the primary work of defendants.

## FIRST CLAIM FOR RELIEF

***Violation of 17 U.S.C.§106 &501, et seq., Copyright Infringement***

15. Plaintiff incorporates by reference paragraphs 1 through 14 as if the same were set forth fully herein.

16. The first instance of illegal installation occurred on May 8, 2009 at 8:05:12 p.m. EDT. On that date and time, a user registered a fraudulent key (code) to the software version 8.21. The computer was identified by its Public Internet Protocol Address of 96.10.200.109 and the Private IP address is noted as 192.168.1.208. Defendant has continued to unlawfully access and use the program in violation of Plaintiff's copyrights on and after February 7, 2011. The most recent public IP Address used to access the program is 69.33.255.210. Each access and each use of the program constitutes a new and unlawful copyright violation.

17. Unauthorized access was gained by reason of the use of a fraudulent key which unlocked the software to unlimited use without the knowledge or consent

of plaintiff. The key is noted as: GHTR7-QXY8R-RQRXR-SR5GY. This key was not issued by Hitek.

18. The American Registry of Internet Numbers (ARIN), an independent organization whose task is to assign internet protocol numbers to internet service providers has noted that the numbers 69.33.255.210 are within the range of numbers serviced by MegaPath Networks Inc. A copy of the ARIN report is attached hereto as Exhibit "C."

19. Since May 18, 2009, the user has run 4,369,799 tasks. Since February 7, 2011, the user has run over 800,000 task runs of the software.

20. Plaintiff has documented usage by Proof of Illegal Usage and attached hereto and incorporated by reference as Exhibit "D."

21. Defendants' actions were knowledgeable and done with intent to harm plaintiff by depriving it of its rightful profit and gain. Defendants' actions have likely harmed plaintiff in a variety of ways in the value of its program; the value of licensing; and the unfair and unjust enrichment and profits gained by defendants' and each of them and for which plaintiff seeks Actual damages pursuant to 17 U.S.C. §504. The amount of Actual damages is unknown at this time, but according to proof at time of trial. Use of a fraudulent code in order to gain unauthorized access and usage of the program is prima facie proof of willfulness justifying plaintiff's claim to the maximum permitted for Statutory Damages of $150,000.00.

**SECOND CLAIM FOR RELIEF**

***Vicarious Copyright Infringement***

22. Plaintiff incorporates by reference paragraphs 1 through 21 inclusive, as if the same were set forth fully herein.

23. Plaintiff is informed and believes and thereon alleges that Defendants induced, caused and materially assisted in and contributed to the infringement alleged herein by supplying its employees, officers, servants, agents and others with the program, devices and equipment enabling them and each of them to commit the acts complained of herein. Plaintiff is further informed and believes that at all times mentioned herein defendants DOES 1-10 were aware of the illegality of what they contributed to, yet failed and refused to bring an end to these acts and was willfully blind to the activity. Accordingly, DOES 1-10 are jointly and severally contributorily liable to plaintiff for the direct infringement committed by its employees, servants, agents or others.

24. Defendants' acts were done with intent to injure plaintiff and take from it a rightful profit for its product. Use of a fraudulent code in order to gain unauthorized access indicates a knowledgeable act and a willful act resulting in plaintiff's right to seek the maximum Statutory Damages award available of $150,000.00. In the alternative, plaintiff is informed and believes that Actual Damages are appropriate, but the exact amount is unknown at this time, according to proof at time of trial.

**THIRD CLAIM FOR RELIEF**

***Contributory Copyright Infringement***

25. Plaintiff incorporates by reference paragraphs 1 through 24, inclusive, as if the same were set forth fully herein.

26. At all times mentioned herein, defendant DOES 1-10, as employers of all the other defendants, had the right and ability to oversee, supervise and control the actions of its employees by virtue of its position. The acts of other unknown employees gaining unauthorized access so as to enable them to purloin plaintiff's copyrighted product was preventable by vigilant acts on the part of DOES 1-10. Yet, the latter refused to prevent these acts from occurring.

27. Moreover, defendant DOES 1-10 gained a financial benefit they would not otherwise have enjoyed by the unauthorized usage of the plaintiff's program. By its usage, DOES 1-10 saved costs and avoided certain expenses owed to employees for man-hours it would normally be required to pay. But for this unauthorized benefit as a result of Automize Enterprise's automation feature, DOES' profit would likely be less for the period in question.

28. As a consequence, DOES 1-10 are vicariously liable to plaintiff for infringement, and joint and severally liable for damages with those persons directly committing copyright infringement. In this case, DOES 1-10 are liable to the greater of Actual Damages, according to proof, or the maximum of Statutory Damages per 17 U.S.C. § 504.

**FOURTH CLAIM FOR RELIEF**

***Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1201(a))***

29. Plaintiff incorporates by reference paragraph 1 through 28, inclusive, as if the same were set forth herein.

30. At all times mentioned herein, plaintiff had in force a 20 digit alphanumeric code, with an embedded order number, year and computer name, designed to control access to his copyrighted software. It is only when a legitimate purchaser fulfills his obligation with respect to the terms and conditions of the End User Licensing Agreement (EULA) and pays the standard market fee, that unlimited access to the licensed product is permitted; Plaintiff will issue to the licensee a license and provide legitimate code enabling access to the copyrighted program.

31. The code is intended as a technological measure for the purpose of protecting Hitek's proprietary program. To gain access requires knowledge of the 20 digits issued by plaintiff. It is intended to exclude those who seek to circumvent the code.

32. Each access of the program constitutes a new violation of section 1201.

33. The true number of occasions of acts of circumvention is unknown to plaintiff at this time, but at least twenty occasions are detected. As a consequence of defendants' unlawful and unauthorized circumvention of plaintiff's measures, plaintiff has sustained damages as previously set forth herein.

34. The use of the circumvention device to gain access is an Intentional and

knowledgeable act by the defendants. It is therefore willful and subjects DOES 1-10 to the maximum allowed for Statutory Damages per occurrence or per "violative act" of unauthorized access and infringement or $150,000.00.

**WHEREFORE**, plaintiff prays that the Court issue the following order:

A. Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating, using or otherwise benefitting from plaintiffs copyrighted application software identified above without the express written approval of plaintiff or his delegate;

B. Defendants be ordered to identify, preserve, set aside and retain any and all source code used by them in the infringement alleged above pursuant to Federal Rule of Civil Procedure 34, which includes, but is not limited to:

(i) all electronically stored information which contains any portion of plaintiff's copyrighted program;

(ii) all writings as defined in Federal Rule of Evidence 1001, which refer to or mention in any manner plaintiff's program, except to those items based on privilege.

C. Pay plaintiff all damages sustained by Hitek as the result of DOES 1-10's unlawful acts, with prejudgment interest, as well as account for and pay for all gains and profits they have enjoyed at plaintiffs expense. In particular, Plaintiff demands compensation of at least $150,000.00 as Statutory Damages, or alternatively, Actual Damages, in the nature of profits attributable to the

infringement, both direct and, indirect, according to law. In addition, the maximum allowed per occurrence in Statutory Damages for violation of the Digital Millennium Copyright Act, §1201(a).

D. All costs of litigation, including, but not limited to costs of suit, an award of reasonable attorney fees and interest at legal rates.

E. Such other and further relief as the Court deems just.

DATED: February 5, 2014

DONALD M. GINDY
DANIEL R. LEWIS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ______________________
Daniel R. Lewis
Attorneys for HITEK SOFTWARE LLC, a California Limited Liability Company

**DEMAND FOR TRIAL BY JURY**

PLEASE TAKE NOTICE that Plaintiff Hitek Software, LLC hereby demands a jury trial in this action.

DATED: February 5, 2014

DONALD M. GINDY
DANIEL R. LEWIS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ______________________
Daniel R. Lewis
Attorneys for HITEK SOFTWARE LLC, a California Limited Liability Company